## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANYULL AGUILAR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-467 |
| | § | |
| ASBURY AUTOMOTIVE GROUP, INC. | § | |
| and RAFAEL CHAVEZ, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Anyull Aguilar's ("Aguilar") motion to remand. Dkt. 6. Having reviewed the motion, response, and applicable law, the court is of the opinion that the motion should be GRANTED, and the case should be REMANDED to the 125th Judicial District Court of Harris County, Texas.

### I. BACKGROUND

In February 2014, Aguilar was hired to work in internet sales for Asbury Automotive Group d/b/a David McDavid Nissan ("Asbury") in Houston. Dkt. 1, Ex. A at 9. Her supervisor was defendant Rafael Chavez ("Chavez"). *Id.* Around April 2015, Aguilar discovered she was pregnant. *Id.* In May, she informed Chavez and Human Resources. *Id.* She began to experience complications with her pregnancy and received approval from Human Resources to miss certain days of work. *Id.* Chavez allegedly began to make negative comments and became hostile as Aguilar missed work. *Id.* Aguilar suffered a miscarriage on June 7, 2015, and returned to work the next day. *Id.* She made subsequent follow up visits to the doctor. *Id.* On June 23, 2015, Chavez fired Aguilar. *Id.* She then filed a charge of discrimination with the EEOC on August 7, 2015, alleging

pregnancy and disability discrimination.  *Id*. at 10.  After her termination from Asbury, Aguilar

found a new job with Streater-Smith Nissan in Conroe, Texas.  *Id*.  Subsequently, Chavez allegedly

called other dealerships to let them know about Aguilar's claims against Asbury.  *Id*.  Streater-Smith

Nissan then terminated Aguilar's employment.  *Id*.

On January 15, 2016, Aguilar filed this lawsuit in the 125th Judicial District Court of Harris

County, Texas.  Dkt. 1, Ex. A at 3.  Aguilar's petition asserts that Asbury violated Chapter 21 of the

Texas Labor Code by discriminating against her and later retaliating against her for filing a charge

of discrimination.  *Id.* at 10.  The petition also names Chavez as a defendant.  *Id.* at 8.  The petition

asserts a cause of action for tortious interference with contract against Asbury and Chavez for their

role in Aguilar's termination from Streater-Smith Nissan.  *Id.* at 11.  On February 22, 2016, Asbury

removed the case to this court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1)

and 1441(a).  Dkt. 1 at 2.  Aguilar is a citizen of Texas and, for purposes of jurisdiction, Asbury is

a citizen of Delaware and Georgia.  Dkt. 1, Ex. A at 8; *see* 28 U.S.C. § 1332(c)(1) (2012).

Therefore, it is undisputed that complete diversity exists between Aguilar and Asbury.  However,

Chavez is a citizen of Texas and therefore non-diverse.  Dkt. 1, Ex. A at 8.  Asbury asserts that

federal jurisdiction is nonetheless proper because Chavez was improperly joined by Aguilar.  Dkt. 9

at 1.

On March 6, 2015, Aguilar filed a motion to remand, asserting that Chavez was properly

joined and, therefore, the court lacks subject matter jurisdiction over this action.  Dkt. 6.  On March

28, 2016, Asbury filed a response to the motion to remand.  Dkt. 9.

2

## II.  LEGAL STANDARD

### A. Removal Jurisdiction and Improper Joinder

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441 (2012).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.

A case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, *i.e.*, without a legal basis to do so.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  As the removing party, the defendant bears the heavy burden of demonstrating improper joinder.  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).  A defendant generally establishes improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiffs to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 646–47).  Asbury argues the second basis for improper joinder, which focuses on whether the plaintiff has asserted a valid state law cause of action against a nondiverse defendant.  *Id.*  To prevent remand, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citations omitted).  The court need not "determine whether plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).  A mere theoretical possibility of recovery, however, is insufficient.  *Travis*, 326 F.3d at 648.  Further, though

3

factual controversies are resolved in favor of the nonmoving party, in the absence of proof, courts do not "assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000).

In determining whether there is a reasonable basis to predict that the plaintiff might recover against a non-diverse defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. "[I]f the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." *Id.* In some cases, a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Edwea, Inc. v. Allstate Ins. Co.*, No. CIV.A. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010) (Rosenthal, J.) (quoting *Smallwood*, 385 F.3d at 573–74). However, no party in this case has asked for this type of inquiry. Instead, the parties focus on whether Aguilar's state-court petition provides a reasonable basis to predict that Aguilar might recover against Chavez under Texas law. If the pleading reveals a reasonable basis for recovery on one cause of action against one in-state defendant, the court must remand the entire suit to state court. *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005) (Rosenthal, J.) (citing *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004)).

### B. Federal Pleading Standard Applies

The Fifth Circuit has recently held that the sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis is measured under federal court pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th

4

Cir. 2016).  Under the federal pleading standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps.  First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79.  Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

### III. ANALYSIS

Aguilar asserts that Chavez was properly joined and therefore diversity of citizenship is absent.  Dkt. 6 at 2.  Asbury argues that even if Aguilar's claim against Chavez meets the federal pleading standard, there is no reasonable basis for the court to predict that Aguilar might be able to recover against Chavez because Aguilar's tortious interference claims are preempted by her Chapter 21 claims.  Dkt. 9 at 1.

At Texas common law, the elements of a tortious interference claim are (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss. *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456–57 (Tex. 1998); *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995).  In its notice of removal, Asbury initially asserted that Chavez could not be held liable for tortious interference

because he was acting as an employee of Asbury. Dkt. 1 at 4–5. Asbury based this argument on cases in which an employee sued a supervisor for tortious interference, claiming that the supervisor got him or her fired from the company at which both were employed. *Id*. In those cases, courts rejected tortious interference claims because the supervisor was not considered a third party to the contract. *Powell Indus., Inc.*, 985 S.W.2d at 457. Courts reasoned that the supervisor cannot be distinguished from the company, and a company cannot interfere with its own contract. *Id*. However, in Aguilar's motion to remand, she correctly distinguishes between those cases and cases, such as this one, which involve a third party contract. Dkt. 6 at 3. In the latter situation, the plaintiff may bring a claim against her former supervisor because the supervisor's employer is not a party to the contract. *Khan v. GBAK Props.*, 371 S.W.3d 347, 359 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The supervisor's interest can be clearly distinguished from that of the company whose contract is interfered with. Aguilar's complaint meets the required elements for tortious interference because Asbury and Chavez were third parties to the contract between Aguilar and Streater-Smith Nissan. Dkt. 1, Ex. A at 10. The claim meets all of the required elements and states a plausible claim to relief. Therefore, Aguilar's tortious interference claim against Chavez satisfies the federal pleading standard.

In its response to Aguilar's motion to remand, Asbury no longer asserts that Aguilar's claim against Chavez does not meet the federal pleading standard. Rather, Asbury argues that Aguilar's claim against Chavez is preempted by her claims under Chapter 21 of the Texas Labor Code. Dkt. 9 at 1. Intentional torts may not be brought for conduct already covered by Chapter 21. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802 (Tex. 2010). Statutory causes of action abrogate common law claims if there is a "clear repugnance" between them. *Id*. There is a clear repugnance between the

6

claims if they are "entwined." *Id.* at 799.  Claims are entwined if they are rooted in the same inseparable facts. *Id.*

In this case, Asbury is correct that Aguilar's Chapter 21 claims against Asbury preempt her tortious interference claim against Asbury.  However, Aguilar's Chapter 21 claims do not preempt her tortious interference claim against Chavez because Aguilar has not brought Chapter 21 claims against Chavez.  Rather, the Chapter 21 claims can only be brought against Asbury.

In *Garcia v. Shell Oil Co.*, 355 S.W.3d 768, 776 (Tex. App.—Houston [1st Dist.] 2011, no pet.), the court considered whether Title VII and Texas employment discrimination statutes were meant to preclude common law causes of action against individuals.  The court held that because these statutory claims are limited to claims against employers and cannot be brought against individuals, the statutory claims do not preempt common law claims against individual employees. *Id.* at 778; *see also Patton v. Adesa Tex., Inc.*, 985 F. Supp. 2d 818, 822 (N.D. Tex. 2013) (holding that assertion of statutory claims against employers does not bar plaintiff from also asserting intentional torts against individual employees); *Waffle House, Inc.*, 313 S.W.3d at 799 (holding that statutory claim against company did not bar tort claim against harasser individually).  In keeping with *Garcia*, Aguilar's tortious interference claim against Asbury is preempted by her Chapter 21 claims, while her tortious interference claim against Chavez stands.

The cases cited by Asbury are not to the contrary.  Asbury cites three cases in which common law claims brought in conjunction with statutory claims were dismissed.  Asbury refers to *Waffle House* in support of the proposition that intentional torts are dismissed when they apply to conduct already covered by Chapter 21. Dkt. 9 at 1.  However, *Waffle House* is inapposite because that case addressed whether a plaintiff could bring both a common law tort claim and a statutory claim for the

same conduct against a defendant employer. *Waffle House, Inc.*, 313 S.W.3d at 800. By contrast, the issue here is whether Aguilar may bring a common law tort claim against her former supervisor individually. Asbury also cites *Garcia*. *Garcia* stands for the proposition that a plaintiff may not bring a claim for intentional infliction of emotional distress based on conduct covered by Chapter 21, even if the plaintiff does not assert or does not prevail on the statutory claim. *Garcia*, 355 S.W.3d at 775–76. Intentional infliction of emotional distress is a tort of last resort judicially created for limited purposes when no other theory of redress can be found. *Id.* at 775. Such torts are disfavored and generally unavailable when other claims can be brought for the same conduct. *Id.* at 775-76. Traditional common law torts, such as tortious interference with contract, are not subject to such restrictions. *See Standard Fruit and Vegetable Co. v. Johnson,* 985 S.W.2d 62, 68 (Tex. 1998). Finally, Asbury cites *Hernandez v. Wal-Mart*, No. EP-06-CA-233-FM, 2006 WL 2883030 (W.D. Tex. 2010), in which an employee brought Chapter 21 and common law claims against another employee, and the court dismissed both claims. However, the common law claim was dismissed not because the Chapter 21 claim had been dismissed but because the common law claim failed to state a claim. *Id.* at *5. In this case, the court has found that Aguilar's tortious interference claim states a claim against Chavez. Therefore, *Hernandez* is inapposite.

The court finds that Aguilar's tortious interference claim against Chavez is not preempted by Aguilar's Chapter 21 claims against Asbury. Therefore, Chavez was properly joined to this lawsuit, diversity of citizenship is absent, and the court lacks subject matter jurisdiction. Accordingly, Aguilar's motion to remand is GRANTED.

## IV. CONCLUSION

Aguilar's motion to remand (Dkt. 6) is GRANTED.  This case is REMANDED to the

125th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on June 20, 2016.

_____
Gray H. Miller
United States District Judge